IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. _____

IN RE RICHARD VASQUEZ,
*Movant*

U.S. COURT OF APPEALS
RECEIVED
Feb 08, 2023
FIFTH CIRCUIT

# MOTION FOR ORDER AUTHORIZING CONSIDERATION OF A SUBSEQUENT PETITION FOR WRIT OF HABEAS CORPUS

**Thomas M. Farrell**
McGuireWoods LLP
845 Texas Ave., Suite 2400
Houston, TX 77002-2904
(713) 353-6677
tfarrell@mcguirewoods.com

*Counsel for Movant, Richard Vasquez*

**CAPITAL CASE:   NO EXECUTION DATE**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. _____

IN RE RICHARD VASQUEZ,
*Movant*

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2-1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recourse.

1. Richard Vasquez, Movant

2. Bryan Collier, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent

3. State of Texas

           */s/ Thomas M. Farrell*
           Thomas M. Farrell

           Counsel for Movant, Richard Vasquez

Richard Vasquez, who is confined on death row in the State of Texas, moves the Court, under 28 U.S.C. § 2244(b)(3)(A), for authority to file the Subsequent Petition for Writ of Habeas Corpus attached to this Motion as Exhibit 1. Vasquez respectfully show as follows:

## SUMMARY OF PROPOSED PETITION

It is now undisputed that Richard Vazquez was convicted of capital murder and sentenced to die based on critical evidence that everyone—Vasquez; the witnesses who provided the evidence; and the State of Texas itself—now recognizes to be utterly false. Moreover, in prior proceedings, this Court has already determined—without then knowing that it was false—that the evidence in question was highly material on the critical question of whether Vasquez acted with the *mens rea* necessary for a capital-murder conviction and whether he was prejudiced by his counsel's constitutionally deficient performance at the penalty stage.

Specifically, Vasquez's proposed petition concerns alleged evidence that, before purportedly beating her to death, Vasquez injected Miranda Lopez, a four-year old child, with a massive and lethal dose of cocaine, twice the amount that would have killed an adult. This evidence came from two witnesses: Dr. Ronald Backer, a toxicologist whose lab tested a sample of Miranda's blood, and Dr. Lloyd White, the Nueces County Medical Examiner who performed Miranda's autopsy. **Dr. Backer and Dr. White have both recently recanted their trial testimony.**

Dr. Backer now acknowledges that the Toxicology Report prepared by his lab was burdened by an "**irreconcilable conflict**." As a result, Dr. Backer has confirmed that the Toxicology Report and his trial testimony that Miranda had cocaine in her system were "***not* reliable evidence.**" Dr. White, for his part, has disavowed his trial testimony on cocaine and all references to cocaine in Miranda's autopsy report.

As explained in the proposed petition attached hereto, when the State of Texas was advised that Dr. Backer and Dr. White had recanted their testimony due to the lack of any reliable evidence that there was cocaine in Miranda's system, **the State immediately acknowledged that Vasquez is entitled to relief from his conviction and sentence and so informed the court that was then presiding over Vasquez's case**. The State thereby confirmed that its normal interest in the finality of criminal judgments is outweighed in Vasquez's case by the more compelling interest in ensuring that defendants are not convicted and sentenced to death based on evidence that, as here, is demonstrably false.

The trial record reflects that this damning evidence, false as it was, was the determining factor between a conviction for manslaughter and one for capital murder. On this we need not speculate. It is amply demonstrated by the State's argument to the jury that the alleged presence of a lethal dose of cocaine in Miranda's system constituted the most important evidence in the case—the "straw that broke the camel's back" on the *mens-rea* issue. It is also confirmed by the fact that the

jurors, apparently struggling to form a consensus on *mens rea*, returned a guilty verdict on capital murder just 15 minutes after having the false evidence of cocaine read back to them during their deliberations.

Without the false evidence of cocaine, no reasonable factfinder would have found Vasquez guilty of capital murder or found him eligible for the death penalty.[1] Vasquez is thus actually innocent of the crime for which he was convicted and actually innocent of the death penalty. The jury, moreover, was presented with this false evidence through violations of Vasquez's Due Process rights under the Fourteenth Amendment and his right to the effective assistance of counsel under the Sixth Amendment, such that carrying out his sentence—death at the hands of the State of Texas—would violate his rights under the Eighth Amendment to the United States Constitution.

## VASQUEZ MEETS THE PRIMA FACIE REQUIREMENTS OF 22 U.S.C. § 2245(b)(3)(C)

Vasquez has made the prima facie showing required by 22 U.S.C. § 2245(b)(3)(C). The factual predicate for his claim—including the disavowal by Dr. Backer and Dr. White of any suggestion that Miranda had cocaine in her system and their acknowledgment that the Toxicology Report was utterly unreliable—could not have been discovered previously through the exercise of due diligence.

---

[1] Vasquez demonstrates in his proposed subsequent petition that the only other evidence that could have supported a *mens rea* finding (evidence of car-crash equivalency) was itself false and admitted in violation of the Due Process Clause.

4

Moreover, the facts underlying the claim—including that Miranda had not really been injected with cocaine—establish by clear and convincing evidence that no reasonable factfinder would have found Vasquez guilt of capital murder or eligible for the death penalty. Finally, the jury verdicts that led to Vasquez's conviction and sentence would not have been rendered but for constitutional errors, consisting of the submission and reliance on demonstrably false evidence; the State's failure to disclose exculpatory *Brady* material; and the denial of Vasquez's right to the effective assistance of counsel.

## VASQUEZ'S SUBSEQUENT PETITION IS NOT BARRED BY 22 U.S.C. § 2244(d)(1)

The one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1) does not bar Vasquez's proposed petition. The one-year period could not have commenced running until March 2019, at the very earliest, as that is the earliest date on which the factual predicate for Vasquez's claims could have been discovered through the exercise of due diligence.

While more than three years have elapsed since that date, most of that time, under 28 USC § 2244(d)(2), cannot be counted toward the one-year period of limitation. The period from March 2019 until August 2021 (two years and eight months) cannot be counted because, during that time, the pertinent judgment against Vasquez was under review in a properly filed application for post-conviction review pending in state court. Similarly, the period from January 2022 to December 2022

5

(11 months) cannot be counted because, during that time, the pertinent judgment was under collateral review in a separate application for post-conviction review in state court.

Thus, the only relevant period that could potentially be counted in the calculation is the five months from the August 25, 2021 denial of Vasquez's 2015 Application to the filing on January 12, 2022 of his 2022 Application and the few weeks between the denial of his 2022 Application and the filing of this Motion.[2]

In addition, given that Vasquez is actually innocent of the capital murder and of the death sentence, any expiration of the statute of limitations is no impediment to the consideration of his claims. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

## VASQUEZ'S SUBSEQUENT PETITION IS NOT BARRED BY ANY PROCEDURAL DEFAULT

Vasquez's petition is not barred by any procedural default in state court. Procedural default does not bar review when the Petitioner can show "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). Here, there is good cause for Vasquez's failure to have raised the cocaine issue as a stand-alone claim prior to the filing of his 2022 Application in state court.

---

[2] The time since the denial on December 14, 2022 of Vasquez's 2022 Application should arguably be excluded as well. Since December 14, 2022, Vasquez's appeal of the denial of his Rule 60(b) motion has been pending in this Court under Case No. 22-70009.

First, as explained in detail in the proposed petition attached hereto, despite the exercise of reasonable diligence, Vasquez did not discover that the cocaine evidence used against him was false until March 2019.

Second, any argument that reasonable diligence should have led to the discovery of the issue at an early point would, if accepted, demonstrate that Vasquez received the ineffective assistance of counsel at trial and in his initial efforts to obtain post-conviction relief. The ineffective assistance of counsel in Vasquez's prior habeas applications, although not sufficient to state an independent claim for relief, "may establish cause for a prisoner's procedural default of a claim for ineffective assistance at trial." *Id*. at 9. Here, since the structure and design of the Texas system make it virtually impossible for an ineffective assistance claim to be asserted on direct review, the failure of Vasquez's prior habeas counsel to raise that trial counsel was ineffective for not exposing that the cocaine evidence was false constitutes "cause" to allow Vasquez to now pursue this claim for ineffective assistance at trial. *Trevino v. Thaler*, 569 U.S. 413, 417 (2013).

Third, Vasquez's evidence that he is actually innocent of capital murder and actually innocent of the death penalty provide the gateway that allows him to now obtain review of constitutional claims that might otherwise be defaulted.

Finally, Vasquez can obviously prove prejudice from the constitutional violations that infected his trial. Those violations allowed the jury to hear

demonstrably false evidence that, as the State of Texas argued, made the difference between a conviction for capital murder and one for manslaughter or criminally negligent homicide.

## CONCLUSION

Three propositions critical to Vasquez's proposed petition are established beyond any question. First, Vasquez was tried based on highly inflammatory evidence that was demonstrably false. Second, that evidence was critically important to Vasquez's conviction and sentence. Third, the State of Texas has twice acknowledged that this conviction and sentence should not stand, thereby obviating any concerns about respecting the finality of the judgment against Vasquez.[3] In these circumstances, Vasquez should, at a minimum, be allowed to file his subsequent petition for review and consideration by the District Court. Fundamental fairness to Vasquez—and the integrity of our system of criminal justice—demand no less.

Vasquez should not be put to death based on false evidence that was critical to his conviction and sentence. He should be authorized to file the attached petition to prevent this patently unconstitutional result.

---

[3] Whether the State retains the ability in response to this motion to revisit its prior concession that Vasquez's conviction and sentence should not stand is questionable. There is, though, a more relevant question: Why would any prosecutor charged with doing justice even consider revisiting the State's position in the face of undeniable evidence that Vasquez's jury was misled by damning testimony that was totally false?

Date: February 8, 2023                    Respectfully submitted,

                                                                                        */s/ Thomas M. Farrell*
                                                                                        Thomas M. Farrell
                                                                                        McGuireWoods LLP
                                                                                       845 Texas Ave., Suite 2400
                                                                                        Houston, TX 77002-2904
                                                                                        (713) 353-6677
                                                                                        tfarrell@mcguirewoods.com

                                                                                        Counsel for Movant, Richard Vasquez

## CERTIFICATE OF COMPLIANCE

I certify that a copy of this Motion has been prepared in proportionally spaced typeface that is 14-point and larger and contains 1691 words.

                                                                                      */s/ Thomas M. Farrell*
                                                                                      Thomas M. Farrell

## CERTIFICATE OF SERVICE

I certify that a copy of this application has been served on February 8, 2023, by Certified Mail, Return Receipt Requested, and by Email, to the following:

       Cara Hanna
       Assistant Attorney General
       P.O. Box 12548, Capitol Station
       Austin, TX 78711-2548
       Cara.hanna@oag.texas.gov

                                                                                      */s/ Thomas M. Farrell*
                                                                                      Thomas M. Farrell

169871017_1