# United States Court of Appeals
# for the Fifth Circuit

No. 23-40079

United States Court of Appeals
Fifth Circuit
**FILED**
June 23, 2023
Lyle W. Cayce
Clerk

In re Richard Vasquez,

*Movant.*

_____

On Motion for Authorization to File
Successive Petition for Writ of Habeas Corpus
in the United States District Court for the Southern District of Texas

_____

UNPUBLISHED ORDER

Before Haynes, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:

In June 1999, Richard Vasquez, a Texas prisoner, was convicted of capital murder and sentenced to death for killing his girlfriend's four-year-old-daughter, Miranda. During the guilt and penalty phases of trial, the state prosecutors (the "State") introduced testimony and presented arguments that Miranda: (1) was severely sexually assaulted before she died; (2) suffered blows to the head that were equivalent in force to being in a 65-mile-per-hour car accident; and (3) had cocaine levels in her blood that were double the lethal amount for an adult.

In 2006, Vasquez previously petitioned for federal habeas relief under 28 U.S.C. § 2254. The district court denied the requested relief but granted a COA on Vasquez's claim that he received ineffective assistance of counsel at trial and on appeal. We affirmed, and the Supreme Court denied certiorari

review. *See Vasquez v. Thaler*, 389 F. App'x 419, 432 (5th Cir. 2010) (per curiam), *cert. denied*, 563 U.S. 991 (2011).

Vasquez has now filed a motion in this court seeking an order authorizing the filing of a second petition for writ of habeas corpus under 28 U.S.C. § 2244(b)(3)(A). His proposed petition asserts nine claims: (1) he is actually innocent of the crime of capital murder; (2) he is actually innocent of the death penalty; (3) the State committed *Brady*[1] violations at his trial; (4) the State knowingly introduced false evidence at his trial; (5) the false evidence on cocaine materially affected his capital conviction and death sentence in violation of the Due Process Clause; (6) his attorney rendered ineffective assistance of counsel when he failed to discover the falsity of the cocaine evidence; (7) the junk science evidence materially affected his capital conviction and death sentence in violation of the Due Process Clause; (8) his attorney rendered ineffective assistance of counsel when he failed to investigate and counter the evidence of sexual assault; and (9) his attorney rendered ineffective assistance of counsel in failing to investigate and present mitigating evidence.

Because Vasquez has already filed a federal habeas petition, he must receive authorization from this court to file another. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Campbell*, 750 F.3d 523, 529–30 (5th Cir. 2014). For us to grant such authorization, Vasquez must make a prima facie showing of satisfying the requirements of § 2244(b)(2)(B). 28 U.S.C. § 2244(b)(3)(C); *In re Jones,* 998 F.3d 187, 188–89 (5th Cir. 2021). "A prima facie showing is simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Id.* at 189 (quotation omitted). Vasquez must show that: (1) the claims presented in the successive petition have not been

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

presented previously in a prior application to this court, 28 U.S.C. § 2244(b)(1); (2) "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B)(i); and (3) "the facts underlying the claim, if proven" would "be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Vasquez] guilty of the underlying offense," *id.* § 2244(b)(2)(B)(ii).

"At this stage, this court does not rule on the ultimate merits; it simply determines if" Vasquez's "habeas application deserves fuller review by the district court." *In re Will*, 970 F.3d 536, 541 (5th Cir. 2020). We conclude that Vasquez has made the requisite prima facie showing as to Claims 1, 2, and 6.[2] However, Vasquez fails to make a prima facie showing on Claims 3, 4, 5, and 7. Finally, Vasquez raised Claims 8 and 9 in his first federal habeas petition. Accordingly, we lack jurisdiction to consider them.

IT IS ORDERED that Vasquez's motion for authorization to file a successive habeas corpus petition is GRANTED as to Claims 1, 2, and 6,[3]

---

[2] Claims 1 and 2 of Vasquez's proposed petition assert "actual innocence" claims "both as a gateway for consideration of other constitutional claims and as . . . free-standing claim[s] that independently require[] relief." To be clear, this court "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). "Instead, a successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). Accordingly, the motion is granted relative to Claims 1 and 2 only insofar as they provide a "gateway" for the ineffective assistance of counsel claim set forth in Claim 6. *See id.*

[3] We note that our grant here is only "tentative." *See id.* at 543. The district court is still tasked with "conduct[ing] its own thorough review to determine whether the requirements of § 2244(b)(2) have been satisfied." *Id.* (internal quotation marks and citation omitted). The district court "must dismiss the motion, without reaching the merits, if it determines that [Vasquez] ha[s] not met his burden." *Id.* Accordingly, we express no view on whether Vasquez will ultimately prevail on the merits—only that he has made a prima facie showing that Claims 1, 2, and 6 deserve fuller consideration.

and DENIED as to Claims 3, 4, 5, and 7. We DISMISS Vasquez's remaining claims—Claims 8 and 9—for lack of jurisdiction.

**A True Copy**
**Certified order issued Jun 23, 2023**

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**